Thank you, and may it please the Court. This Court instructed the parties to brief whether or not a dismissal for lack of subject matter jurisdiction could be counted as a dismissal for failure to state a claim for purposes of the Prison Litigation Reform Act's three strikes provision. In response, the parties agreed that a dismissal for lack of subject matter jurisdiction is not a strike. Why isn't this case moot? Because, Your Honor, NCSO suggests the case is moot because Mr. Moore can just go into the district court and file a new action tomorrow. Well, it's suggested because he's no longer in custody, and so IFP, the statute, no longer applies to him, so... Yes, Your Honor, but NCSO's contention that filing a totally new action would be the equivalent of Mr. Moore continuing to prosecute this suit isn't accurate. If Mr. Moore was required to file a totally new action, he might face a statute of limitations bar. But isn't there a 60-day period under state law? A savings statute? I'm sorry, Your Honor. Which statute are you referring to in state law? I thought there was a 60-day savings period during which he could refile without any problems with respect to timeliness. I'm not familiar with that statute. I'm not familiar with that statute with regards to this claim. Our concern is that the statute of limitations has run during the pendency of this claim in the appeal. Except that under Arizona law, there's ordinarily six months to refile a claim that is dismissed by another jurisdiction. And most states have those kinds of tolling provisions. Why wouldn't that save anything that was timely in this case as also continuing to be timely? I think we're referring to Arizona Statute 12-504A. And do you have a page in the brief that I can refer to there, Your Honor? I don't know that it was briefed. Okay. But it's called saving of an action timely commenced. And it just basically says if something is filed in a timely manner elsewhere, I'm paraphrasing, and it's dismissed ordinarily, then it should be refiled in state court. It can be within six months, and it would still be timely. Yes, Your Honor. Mr. Moore would have to refile his complaint in Federal court. And so unless that savings clause was also borrowed from the State statute of limitations, he might still face this Federal statute of limitations problem. But we're required to follow State law in that regard. Yes, Your Honor. And I think that that would be the borrowed savings clause as well. Even beyond the statute of limitations problem, there are some other extenuating consequences that Mr. Moore would face if this ruling below that denied him IFP on the basis of four strikes were permitted to stand. First of all, Mr. Moore could be prejudiced if he had to seek this discretionary IFP status from the district court that had previously denied it and previously recognized him as a litigant who files meritless lawsuits. And beyond that ---- It's all hypothetical, though, isn't it? I mean, it presumes that he gets reincarcerated, has no additional strikes that could be relied upon. I mean, there's a whole series of maybe, maybe, maybe to get to that point. Yes, Your Honor. It is hypothetical. But the test for mootness here is any effective relief. And it's MCSO's burden as the proponent of mootness to show that there's no effective relief that this Court can offer him. And there is some effective relief here. This Court could reach a determination that dismissals for lack of subject matter jurisdiction do not count as strikes, and therefore that Mr. Moore only had two strikes when he filed this lawsuit. That means that if he was ever returned to prison, he would only have two strikes recorded, and he would have the chance to file new. Well, we don't know how many he actually has. All we know is what this district court order relied upon. So I'm not sure that we know that he only has these four cases. Yes, Your Honor. There's nothing in the record, though, to suggest that there's anything more than these four strikes hanging out there. And all we're asking for, for relief, is a determination that two of these prior lawsuits were not strikes and that Mr. Moore receive a new determination of whether he's entitled to IFP status so that he can continue to prosecute this suit. On remand, it could be determined that he was not even entitled to IFP status because of other cases or because of perhaps that he didn't meet the financial restraints of the IFP program. But the only relief we're asking for is a new determination and a determination that's done in accordance with a fair reading of the statute, which doesn't include dismissals for lack of subject matter jurisdiction. So turning back to the merits of MCSO's arguments, it contends that even though the rule that a dismissal for lack of subject matter jurisdiction does not count as a strike is the rule, that that rule shouldn't govern this case. It suggests that two of Mr. Moore's prior suits, Morvie MCSO and Morvie Futrell, were dismissed both for lack of subject matter jurisdiction and for the failures data claim. But under this court's holding in Andrews v. King, a district court determining whether or not to assign a strike first looks to the docket sheet. And if the reason for the dismissal of a prior suit is clear from the docket sheet, the court can accept that reason and doesn't need to do anything further. Here the docket sheets in both MCSO and Futrell recorded that these cases were subject matter jurisdiction. That's the only thing found in the docket sheets. Even beyond that, looking at the actual language of the district court's orders, there's only one reasonable way to read these orders, and that's as a dismissal for lack of subject matter jurisdiction. The district court identified only one defect with the orders, and that was that Mr. Moore failed to plead a basis for subject matter jurisdiction, and the court found, therefore, it had no subject matter jurisdiction and ordered the case dismissed on that basis. MCSO points to two pieces of language that could suggest that the cases were dismissed for failure to state a claim, but neither of these are the dispositive pieces of language in the suit. The dispositive language always deals with the lack of subject matter jurisdiction based on this failure to plead defect. Because there's only this one reasonable way to read these orders, as dismissals for lack of subject matter jurisdiction, and because MCSO agrees that those dismissals just don't count as strikes underneath the statute, Mr. Moore only had two strikes when he filed this lawsuit, and therefore we need a new IFP determination to see whether or not Mr. Moore should be entitled to continue to prosecute this suit. Pivoting back now to mootness as we started out the argument. The problem I have is that there's no dispute this man is no longer in prison. Correct, Your Honor. And the express terms of the PLRA apply to prisoners, do they not? Yes, they do, Your Honor. So what possible claim does he have if he's no longer in prison? Well, he still has the right to redress his claims that arose while he was in prison. Here there are its own. Well, is there a case that says that? I mean, as far as the underlying suit's concerned, I mean, to damage his claim, and he has the right to continue to prosecute the underlying suit even though he's been dismissed. Well, not if he does not have the standing that one requires under PLRA, does it? I'm sorry. I think I got confused. Is Your Honor referring to challenging the strike application? No, you're bringing a claim under the prison, the PLRA. Are we not together on that? We're here today discussing whether or not he was correctly denied IFP pursuant to the PLRA. Right. But he can no longer maintain his suit if he is no longer within the scope of protection that the PLRA allows. In other words, you have to be in prison to invoke PLRA. Yes or no? The prisoner doesn't invoke the PLRA, Your Honor. The PLRA is invoked by the court in order to screen out the use. The underlying claim is a constitutional claim under Section 1983, correct? Yes, Your Honor. The district court acknowledged that that was a likely basis of jurisdiction, but it didn't take jurisdiction over the case because this was. Right. But his underlying. So as I understand your argument, his underlying claim, if it's valid, he can still get damages for bad things that happened to him while he was in prison. And the only question is whether he was entitled to file for IFP or not. Yes, Your Honor. And that's all we're contending is that Mr. Moore was entitled to file to IFP status when he filed the suit because he had only two valid strikes identified by the district court and that, therefore, IFP should have never been denied to him. And, therefore, he can continue to prosecute this suit and can seek his damages claims under the IFP status that should have been granted to him back when he originally filed the suit. And that's the only relief that we're asking for. Even if this court was to determine that the appeal was moot, we would ask that the court vacate the district court opinion because we're concerned about these extenuating effects. As a practical matter, from your client's perspective, if the appeal were dismissed as moot and the district court's order vacated, how is that different than deciding it on the merits? I mean, I know theoretically it's very different, but in terms of the practicalities for your client, isn't it basically the same thing? The difference would be whether or not Mr. Moore got a new IFP determination in this suit. And we think that even pursuant to United States v. Munson, where I vacate you there, it would be a vacature of the dismissal order, and that would entitle Mr. Moore to a new IFP determination, that he would do that as a non-prisoner. And so that would be permissible relief as long as he continued to prosecute this suit and wasn't required to file an entirely new suit. I don't see why that makes any difference to him. Because Mr. Moore has these, there are the extenuating circumstances that he might run into a statute of limitations problem that is a possible problem, and it's MCSO's burden as a component of mootness to show that there is no problem out there. And under this Court's jurisprudence, all we have to do is demonstrate even a potential problem. And we can do that by demonstrating that if he was going to come in and he was going to file a new suit, he might have these types of extenuating circumstances that could prevent him from either filing new lawsuits IFP or continuing to prosecute or prosecuting his underlying claims in this lawsuit. Scalia. Educate me, counsel. Are the requirements for former pauper's status different for an inmate who is a prisoner and a person who is no longer a prisoner? Your Honor refers to the financial requirements? No, Your Honor. No, Your Honor. It appears they're the same. The statute doesn't differentiate between the two groups of litigants except with If he is as poor now as he was when he was in jail, he can file a new complaint as informer pauper's, right? Assuming that that complaint Assuming there's no statute of limitations problem, assuming there's no taint, assuming that he is going to be a good boy and not return to prison, right? He can file a new complaint. Yes, Your Honor. And assuming that there's been no change, again, in his financial condition in the meantime, that would prevent him from IFP. You'd be happy if he had a change that would no longer make him a pauper? Yes, Your Honor. That would be good. But we would still ask for the relief that he was entitled to when he filed this suit in the first place, which is when he originally should have been granted IFP or at least been given an IFP determination by the district court. I see I have two minutes, and I'd like to reserve the rest of my time for rebuttal. Thank you, counsel. Thank you. We'll hear from the county. Good morning. May it please the Court. My name is Scott Dutcher, and I represent the appellee, the Maricopa County Sheriff's Office, or MCSO. This Court should dismiss the appeal as moot because Mr. Moore has been released from custody. Or in the alternative, this Court should affirm the decision of the district court, which found that Mr. Moore had at least three strikes under the PLRA. Counsel, I'm going to ask you about mootness. It certainly is possible for the petitioner or the plaintiff to file another lawsuit, and there appears to be a statute of limitations savings clause, but that is not as convenient or certain as continuing on with an existing lawsuit that was clearly timely when it was filed. And I guess my concern is that in almost any case where you would want to dismiss something as moot, the person can always, you know, refile. It seems like a very odd concept of mootness because it requires the plaintiff to go do something additional to continue on with his suit that he wouldn't otherwise have had to do. So it's a burden on him at a minimum. So why wouldn't we go ahead and decide the merits of it? Well, first, I don't, as you just pointed out, Your Honor, I don't think the fact that allowing him to proceed with his underlying suit simply because it's the most convenient means for him to do so is a reason not to dismiss this case as moot. First, as you are. Well, the underlying suit is not moot. Correct. So I guess what I'm troubled by is where the underlying lawsuit is live and if it went forward, it could give relief potentially. Obviously, you don't concede the merits, and I'm not suggesting anything on the merits. But you have a live lawsuit. And the only real question about this live lawsuit is whether it was cut off too quickly on an improper legal ground. And I have a hard time seeing why that equates to mootness, even if the ground wouldn't apply now. In other words, if he had been granted IFP status, this lawsuit would be ongoing even though he's been released, correct? Correct. So it isn't really moot. The lawsuit isn't moot. All you're saying is that he may have gotten an erroneous ruling as to whether his lawsuit should continue, but the lawsuit itself is completely live. I understand and I agree that the underlying claims are still live. A problem here for Mr. Moore is that he has not even alleged a specific statute of limitations problem. In Arizona, Arizona follows a two-year statute of limitations. Even a review of his underlying complaint, which is part of the record, identifies October 2009 as the, I guess, dispositive date for his claim. That doesn't answer my problem, though. Yes. He has a live lawsuit. Correct. And he's saying it was dismissed improperly. I want to keep going with my lawsuit because the reason it was dismissed was legally erroneous. Why isn't that a live question? Because if he was right, he doesn't have to file a new complaint. He gets to go to trial on this complaint or go to the next proceeding, whatever it may be. Well, he was, this case, he was prevented from continuing because the court found that he had four strikes under the PLRA. And if the court were wrong about that, he would get the effective relief of getting to try this case right now. If the court were wrong about that, it would still need to determine whether or not today he can proceed IFP. He would still need to show that he. . . That's right, but he'd have that opportunity without the three strikes hanging over him because it no longer applies to him. So we don't know whether he's poor enough or not. Correct. But if the district court was wrong, I guess I don't see why we can't give effective relief. Because he has that same relief today. He can go into district court and refile these claims. Why is that effective relief? The question of mootness says, what can this court do to help this litigant, if anything? And what he wants to do is try his case. So the effective relief would be to say, go forth and try this case. I guess I just don't understand your position. Well, he can refile his case and try his case today. Nothing prevents that. He can apply for the same IFP status that he wanted originally and proceed with the case on the merits. He doesn't want to have to refile it. I guess I don't understand why that makes it moot, just because he could do something affirmative to bring himself back to court. He already came to court in a timely fashion, and he filed this lawsuit. So in the normal course of things, in the absence of some impediment, he gets to continue on to a conclusion on the merits. So why couldn't we give him relief? I agree that under Munsingwar, if this court does dismiss the appeal as moot and vacates the ruling of the district court, then he would be allowed to continue and ask the district court again for IFP status, although it wouldn't be IFP status under the PLRA because he is no longer a prisoner. Well, if we were to decide this case on the merits of the issue that's raised before us and we disagreed with your interpretation, then he would just be off and running. And in this case, with this complaint, they'd look at IFP status and they'd either say yes or no, and then he would either pay or not pay and then, you know, try his case. Yes. And, Your Honors, on to the second point, I do agree that if the sole dismissal of the earlier two cases at issue were subject matter jurisdiction, then there would be no strike. But on the face of both of those dismissals, Judge Snowe from the district court clearly stated that they were not based solely upon subject matter jurisdiction grounds but also a failure to state a claim. Well, we understand that's exactly what he said, but the question is whether that was legally proper given the structure of the statute. But I want to go back to you. You refer to the PLRA, and I may have expressed some confusion about that. So help me understand where the PLRA fits into this particular case. It's a 1983 case. We are looking at Section 1915G to determine whether he can have IFP status. But where does the PLRA fit in? Well, part of the PLRA is Section 1915. Right. Including Subsection G. Right. The PLRA applies to inmates in custody, in jail or in prison. Mr. Moore is no longer an inmate in custody. But is he bringing a suit based on the PLRA or based on 1983? Well, one of his problems in the underlying lawsuit is he did not make that allegation specific. All right. No wonder I got confused. The district court presumed that he was making a 1983 claim. He did not specifically state that. And part of stating a claim, a valid claim under Rule 8, is alleging a jurisdictional basis for that claim. And so Judge Snow provided alternative theories supporting his dismissal. One, failure of one subject, lack of subject matter jurisdiction. And secondly, failure to state a claim, because Mr. Moore failed to allege the subject matter jurisdictional basis of the court's supporting evidence. Well, the fact that he is no longer in prison, does that raise a standing question or an eligibility question? How do you analyze that? The fact that he is no longer in prison, I believe, raises a mootness question. Even the good mootness. Is it based on the theory that he no longer has standing to bring the case or that somehow or other his claims have expired because he's no longer in prison? No. Based on the fact that his claims that he's raising in the appeal are no longer applicable to him. He's wanting a determination of the exact number of strikes under the PLRA. And the PLRA only applies to prisoners and he is no longer a prisoner. But the strikes only have to do with his status as an IFP. Correct. True? Okay. I'm trying to get under the hood here and see what the underlying claim is and to what extent that gives us some insight into how to deal with this. Are you asking about his underlying section 1983 claims? Those have not been yet litigated and are still live. Well, I was going to ask you, what's the premise of it? What's the substantive case all about? Forget about all of the IFP issues and the mootness and so forth. What's the substantive case all about? The substance of the case is he is alleging that there were conditions of his confinement in the Maricopa County Sheriff's Office jails that violated his federal rights, federal civil rights. Is he entitled to anything other than, is he entitled to damages if he prevails? If he prevails on those claims, yes, he's entitled to damages. Then the lawsuit is probably still alive. It sounds to me like it's tilting now toward a 1983 case and not a PLRA case. Well, it is. The underlying claim is a 1983 case. But the PLRA is just a statutory scheme that applies to all prisoner lawsuits of any kind. And when it was filed, he was a prisoner. Correct. And if the district court was wrong, he was entitled to proceed with this case all the way to presumably a trial about his alleged lack of medical care and so on and so forth. I agree. Okay. However, the district court was not wrong because there were alternative bases for its decision. And I disagree that there's not simply one reason. Before you go to that next step, could it be that we only look at the disposition of the ruling as to IFP status and regard this perhaps as an interlocutory appeal of some sort, thereby preserving the underlying case as a 1983 case? I think the court looking at that is a possibility. And the Munsingware decision by the U.S. Supreme Court and its progeny, I think, relate to that or speak to that. But the case was dismissed, right? So ordinarily, that would be a final order subject to appeal. This case, the one we're looking at. Yes. His case was dismissed. What I'm saying is if this Court dismisses the appeal as moot and vacates that dismissal order, then it still would be live, of course. In other words, the underlying case is still alive, in other words, it goes back to district court? No. The underlying case is no longer alive. If it were vacated by this Court, then it would be live. But his claims are still live. They were all dismissed without prejudice. His underlying 1983 claims are still viable. Now, you say you said a moment ago that part of Rule 8 is alleging a jurisdictional basis. Yes. And that he failed to do that, therefore he failed to state a claim on which relief could be granted. Yes. If he states facts which create a jurisdictional basis, why does he have to claim a jurisdictional basis? That's an allegation of law, not necessarily a relief. Well, Judge Snow ruled on that in his opinion, and he stated that although I mean, if he states, I was dealt with in violation of my constitutional rights by State officers under color of State law. He doesn't have to state, and I invoke Federal jurisdiction under Section 1983 of the 28 U.S.C., does he? I disagree. It's a better practice to do it, but it's not required. I disagree, Your Honor. Any person needs to allege the affirmative subject matter jurisdictional basis. By alleging facts. Pardon? Alleging facts. A defendant certainly can bring that up as well. But Judge Snow ruled, and part of his ruling was that Mr. Moore failed to state the jurisdictional basis. But he did state the jurisdictional basis by saying that county officers who were under color of State law deprived me of constitutional rights. What more does he have to say? The judge wanted an affirmative beyond, wanted more than simply just the facts. Well, maybe he wanted more, but maybe he was wrong. I have another concern about it. Your argument appears to be that the strikes, the two cases we're looking at, were dismissed both because there was no jurisdiction and for failure to state a claim. But there's at least one Supreme Court case that says that once you dismiss for jurisdiction, you don't go beyond that. You can't look at whether something states a claim if there's no jurisdiction. So I can't, I guess I can't follow your argument that it's both because as a matter of law, once it's dismissed for lack of jurisdiction, it's dismissed for lack of jurisdiction and everything else falls away. I see I'm out of time. May I please respond to your question? I'd appreciate it. In the Thompson decision that Mr. Moore relies so heavily upon, the D.C. Circuit Court spoke directly to this. And on page 439, it stated that all matters for the purpose of counting, all that matters for the purpose of counting strikes is what the earlier court actually did, not what it ought to have done. Those underlying decisions of the of Judge Snowe are not on appeal right now. And on the face of those orders, he dismissed for both of those grounds. Maybe he should have done differently, but he didn't. And we are stuck for better or for worse for the dual bases of his decision. Unless there are any further questions, that is all I have. Thank you, counsel. Thank you, Your Honor. Mr. Bilotti, you have some reserve time. Thank you, Your Honor. I just want to clarify two points here on rebuttal. First, the PLRA is just a procedural overlay to underlying prisoner lawsuits. Here, the underlying lawsuit arises under the Eighth Amendment and deals with the failure to protect and gives rise to damages claims. And no one is contending that that suit is not still live. The facts alleged in the complaint are still live, and it is likely to be a Section 1983 case. That just hasn't been examined at all by the district court because this complaint was kicked out at PLRA screening because Mr. Moore was denied IFP. Nevertheless, as to the very narrow question of whether or not your client is entitled to the original denial of IFP, can that be separated out in terms of standing and mootness? He can no longer, he's no longer subject to that 1915g provision. Isn't that true? Yes, Your Honor, in new lawsuits. But this lawsuit is still governed by the original denial of IFP. And as questioning with my opposing counsel made clear, this case is only mooted if Mr. Moore does something else. And that would be to go file a new lawsuit. And he doesn't, he hasn't done that, and he doesn't have to do that. Because the district court made an error of law when it denied him IFP, he has the right to redress that error of law and continue to prosecute this suit. And that would, in that case, the remedy would be a new IFP determination to see whether or not the district court correctly applying the Prison Litigation Reform Act and Section 1915g should have granted Mr. Moore IFP, IFP status when he first applied for it. So you're not invoking PLRA as a substantive right? You're just subject to the restrictions that are within the PLRA? Correct, Your Honor. There's no claim arising in the PLRA. It's just that Mr. Moore was in not, should not have been denied IFP status on the basis of the PLRA. And for that reason, we would ask for a new IFP, a vacatur of the district court order and a new determination of whether or not Mr. Moore was entitled to IFP when he filed this lawsuit. Thank you. Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Graber, Bea